UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


PAUL L. HAWKINS ]
    Petitioner, ]
]
v. ] No. 3:17-cv-0857
] Judge Trauger
WARDEN PETERSON ]
    Respondent. ]


# MEMORANDUM AND ORDER

The petitioner, proceeding *pro se*, is an inmate at the Metro Davidson County Detention Facility in Nashville. He brings this action pursuant to 28 U.S.C. § 2241 against his custodian, Warden Peterson, seeking a writ of habeas corpus.[1]

In July, 1984, a jury in Shelby County found the petitioner guilty of first degree burglary, possession of marijuana, being a convicted felon in possession of a firearm and being an habitual criminal. For these crimes, he received a sentence of life imprisonment. Doc. No. 1 at 1.

Apparently, the petitioner was released on parole. On August 26, 2015, a Metro police officer entered the petitioner's home without a warrant and placed him under arrest. *Id.* at 5. Five days later, he was taken to his present place of confinement where he has remained since his arrest. The

---

[1] The petition (Doc. No. 1) is written out on a 28 U.S.C. § 2254 form. However, the petitioner is not attacking a specific conviction. Rather, he is challenging a return to confinement brought about by the revocation of parole. Doc. No. 1 at 14. 28 U.S.C. § 2241 is the appropriate vehicle for questioning conditions of one's parole. Edwards v. Dewalt, 681 F.3d 780, 784 (6th Cir. 2012).

1

petitioner alleges that the charge triggering the revocation of his parole was subsequently "disposed of" but that he has remained incarcerated illegally. *Id.* at 10.

A § 2241 petition for federal habeas corpus relief will not be considered unless the petitioner first exhausts all available state court remedies for each claim presented in his petition. <u>Hamm v. Saffle</u>, 300 F.3d 1213, 1216 (6th Cir.2002). The petitioner bears the burden of proving that he has exhausted those remedies. <u>Rust v. Zent</u>, 17 F.3d 155, 160 (6th Cir.1994).

In the petition, the petitioner asserts that there are no state court remedies to exhaust. The petitioner states that he wrote letters to the Tennessee Board of Paroles and the Tennessee Department of Correction but received no satisfactory response. Doc. No. 1 at 16.

The actions or inactions of the Tennessee Board of Probation and Parole may be challenged via a petition for common law writ of certiorari. <u>Willis v. Tennessee Department of Correction</u>, 113 S.W.3d 706,712 (Tenn.2003). Since the petitioner admits that he did not seek such review and there is no claim that such review would be futile, the petitioner has failed to exhaust his state court remedies.

When a habeas corpus petitioner has failed to exhaust all state court remedies for each claim in his petition, a district court is obliged to dismiss the petition. <u>Rose v. Lundy</u>, 455 U.S. 509,518-20 (1982). Accordingly, the petition (Doc. No. 1) is DENIED and this action is hereby DISMISSED without prejudice.

It is so ORDERED.

ENTER this 22nd day of June 2017.

_____
Aleta A. Trauger
United States District Judge